## 12993.   FLOWERS *v.* THOMPSON.

HILL, J.   1. The writ of certiorari having been applied for within thirty days, and having been filed and the writ issued within three months after the date of the judgment sought to be reversed, the judge of the superior court did not err in refusing to dismiss the writ on the ground that it was not filed before the term next succeeding the sanction thereof.   Civil Code (1910), § 4365.

2. There was no merit in the contention that the writ should be dismissed on the ground that no sufficient affidavit was made by the petitioner for the writ of certiorari.   The affidavit complied substantially with all the requirements of the law, and contained all essential allegations; and the refusal to dismiss was proper es-

pecially in view of the facts that the writ had been sanctioned by the judge of the superior court, and the judge of the municipal court, whose judgment it was sought to reverse, had answered verifying the recitals contained in the application for the writ. *Bass* v. *Masters*, 5 *Ga. App.* 288 (1) (63 S. E. 24).

3. The defendant sold to the plaintiff certain described real estate on May 28, and wrote on the sale contract, "Delivery to be made on or before August 1st." The plaintiff demanded of the defendant rent for the property for the period between the date of the sale and the date of the delivery of the possession of it, and, payment of the rent being refused, the plaintiff procured in the municipal court the issuance of a distress warrant for the rent. The evidence produced upon the trial of the case being in conflict and not demanding the verdict, this court will not interfere with the judgment of the judge of the superior court, which was the first judgment sustaining a certiorari in the case. *Parker v. Bridges*, 22 *Ga. App.* 58. See also *Gresham* v. *Lee*, ante, 576.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

       DECIDED MAY 23, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. October 6, 1921.

Application for certiorari was denied by the Supreme Court.

*W. H. Terrell,* for plaintiff in error. *Paul H. Lindsay,* contra.